COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued by teleconference


DONALD R. WELLS
                                              OPINION BY
v.   Record No. 0848-99-1          JUDGE ROSEMARIE ANNUNZIATA
                                             JULY 3, 2001
CHESAPEAKE REDEVELOPMENT & HOUSING AUTHORITY
 AND INSURANCE COMPANY OF NORTH AMERICA


          ON REMAND FROM THE SUPREME COURT OF VIRGINIA

       FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Karen M. Rye (Kenneth J. Coughlan; Law Office
          of Karen M. Rye, on brief), for appellant.

          James G. Muncie, Jr. (Ingrid E. Olson; Law
          Offices of Harold A. MacLaughlin, on brief),
          for appellees.


     In this worker's compensation case, we held that the

timeliness of appellant's claim for temporary partial disability

benefits was barred by the principle of res judicata because the

appellant, Donald R. Wells, did not appeal the decision of the

Workers' Compensation Commission with regard to that issue.

Wells v. Chesapeake Redevelopment & Hous. Auth., Record No.

0848-99-1 (Va. Ct. App. Jan. 11, 2000).  Wells appealed our

ruling to the Virginia Supreme Court, which reversed our

judgment and ruled that we erred in failing to consider the

merits of Wells's claim.  The Supreme Court remanded the case to

this Court for consideration of the question presented on its

merits.  We now hold that Wells's claim for temporary partial disability benefits was timely filed under Code § 65.2-708 and that the full commission erred in failing to remand the claim for consideration on its merits.  Accordingly, we reverse the portion of the commission's decision that found Wells's claim for temporary partial disability benefits was time-barred and remand the claim to the commission for determination on its merits.

## BACKGROUND

Wells sustained a compensable injury to his right elbow/arm on December 6, 1989.  He had been employed as a maintenance mechanic by the Chesapeake Redevelopment & Housing Authority ("Chesapeake") for approximately six years when the accident occurred.  Following the accident, Chesapeake accepted the claim as compensable, and the Workers' Compensation Commission entered an award for temporary total disability benefits beginning December 6, 1989.  The award for temporary total disability benefits was terminated on July 3, 1990, when Wells returned to work.

The full commission found that Wells did "selective work" for Chesapeake from July 3, 1990 until May 10, 1991, returned to work in June 1991, and stayed until he had surgery in July 1993.  Wells did not return to work after his July 1993 surgery and was terminated on December 3, 1993.

The first claim in this matter was filed by Wells's prior counsel on August 16, 1993, alleging that Wells had become totally disabled as of July 21, 1993. Four days later, the commission sent a letter to counsel notifying her that the claim had been rejected because it was time-barred. On January 27, 1994, Wells's current counsel sent a letter to the commission requesting "all workers' compensation benefits to which he may be entitled," specifically, those falling under a change of condition and permanency.

On March 4, 1994, the commission sent a letter to counsel indicating that it was rejecting the claim for the same reasons that the August 16, 1993 claim was rejected. Wells responded to the commission on March 10, 1994 by sending an amendment that indicated he intended to rely on Code §§ 65.2-520 and 65.2-708(C) to argue that the claim was not barred by the statute of limitations.[1]

---

[1] Code § 65.2-520 provides:

> Voluntary payment by employer. Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation . . . .

Code § 65.2-708(C) provides:

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to

On August 23, 1994, Wells sent the commission a medical report from Dr. Thomas Bergfield, dated December 9, 1993, to support his January 27, 1994 claim for permanency benefits. At the same time, Wells amended his change of condition claim to include temporary total disability from July 20, 1993 and continuing. On June 10, 1996, Wells once more amended his change of condition claim to include temporary partial disability benefits from May 31, 1994 and continuing.

On February 26, 1997, an evidentiary hearing was held before the deputy commissioner, who found that the last date for which Wells had received benefits was July 2, 1990. Accordingly, the deputy commissioner held that all three claims in the application were time-barred.

The decision was appealed to the full commission, which found, in an opinion dated March 10, 1999, that, under Code § 65.2-708(A), Wells had two years from May 10, 1991, the date of last compensation under Wells's initial award, to file an application for a change in condition based on his alleged temporary total and temporary partial disability.[2] Because Wells

_____

return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

[2] The commission premised its conclusion, in part, on Code § 65.2-708(C), finding that the provision extended the statute of limitations during the time Wells was working a selective employment position and receiving full wages, from July 3, 1990

filed both claims after May 10, 1993, the full commission affirmed the deputy commissioner's decision that the claims for temporary total and temporary partial disability were time-barred. However, the commission found that Wells had three years from May 10, 1991, under Code § 65.2-708(A), to file a change of condition application based on his alleged permanent partial disability. The commission found that the August 24, 1994 amendment requesting permanent partial disability benefits related back to Wells's January 27, 1994 change of condition application. Because the January 27, 1994 application was filed before May 10, 1994, the full commission reversed the deputy commissioner's finding that Wells's claim for permanent partial disability benefits was time-barred and remanded the case for a decision on that issue.

Wells appealed the full commission's decision to this Court, contending that the commission erred in not also remanding his claim for temporary partial disability benefits for consideration by the deputy commissioner.

### ANALYSIS

Wells contends that when the commission determined that his permanency claim was not time-barred and remanded the claim to the deputy commissioner for consideration on its merits, the

---

until May 10, 1991. Beginning May 11, 1991, Wells was totally disabled and, therefore, no longer "consecutively" working in selective employment.

commission should also have remanded Wells's claim for temporary partial disability (TPD) benefits.  We agree that the commission erred in not remanding Wells's claim for TPD benefits.

Under Code § 65.2-708(A), the period during which a temporary partial disability claim based on a change of condition must be filed commences with the last day compensation is paid pursuant to an award for benefits.  Code § 65.2-708(A) provides:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . .  No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except:  (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 [which authorizes an award for permanent disability benefits]. . . .

When the commission remanded the permanency claim, the status of the claim, before it was erroneously dismissed by the deputy commissioner, was restored.  Thus, the period of time during which any change of condition claim could be filed was necessarily reinstated, conditioned only upon the receipt of an award for permanent benefits.  See Code § 65.2-708(A).  Any claim based on a change of condition which arose after the period for which permanent benefits were awarded, but within the new limitations period, would, therefore, not be time-barred.

Wells's claim for permanent partial disability benefits arose on December 9, 1993, the date of a report filed by Wells's treating physician, Dr. Bergfield, in which he determined that Wells had suffered a permanent 26% impairment of his right arm. His claim based on permanency was filed on January 27, 1994. On remand, the deputy commissioner found Wells had established his claim for permanent partial disability benefits, based on Dr. Bergfield's report.[3] The deputy commissioner awarded Wells permanent disability benefits for a period beginning December 9, 1993, and continuing for 52 weeks, to December 8, 1994.[4]

Under Code § 65.2-708(A), Wells had two years from December 8, 1994, until December 8, 1996, within which to file a new claim based on a change in condition. Wells's claim for temporary partial disability benefits based on a change of condition arose on May 31, 1994, after his claim for permanency benefits. He filed his claim for TPD benefits on June 10, 1996. This claim, therefore, was timely.

We find no merit in Chesapeake's contention that remanding Wells's claim TPD benefits would constitute an improper

---

[3] The deputy commissioner also found that despite further medical treatment, as of July 25, 1994, Well's disability rating had not changed.

[4] The date the award was made, March 30, 1999, is not relevant to the analysis. The only relevant date is the last date for which compensation was due. Code § 65.2-708(A).

"revival" of a time-barred claim. In advancing this contention, Chesapeake relies on the finding by the commission that the claim was time-barred. However, the commission's decision improperly related the claim for TPD to Wells's initial award made in 1991 and failed to consider that the TPD claim arose, in fact, subsequent to Wells's claim for permanent disability benefits. Viewed from the perspective of the status quo ante, but for the erroneous dismissal of the permanency claim by the deputy commissioner, and the failure to properly relate the TPD claim to the claim for permanency disability benefits, the claim for TPD would have retained viability before the deputy commissioner.

In sum, because we find the commission erred in finding Wells's claim for temporary partial disability benefits to be time-barred, we reverse that portion of the commission's decision and remand Wells's claim for TPD benefits based on a change in condition to the commission for determination on its merits.

<u>Reversed and remanded</u>.